IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANA GIRON and MARTHA ROCHA § | | |
|     Plaintiffs | | |
| | | |
| V. § | | CIVIL ACTION NO. 4:13-cv-00827 |
| | | |
| JULIO CESAR CASTILLO, Individually | | |
| and d/b/a as ASTROS INSURANCE | | |
|     Defendant § | | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq.* (1994 ed. and Supp. III) ("FLSA"). This action is brought as an individual action to recover unpaid regular, minimum wage and overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Ana Giron and Martha Rocha ("Plaintiffs").

## Parties

1. Plaintiffs Ana Giron and Martha Rocha were "employees" of Defendant, as that term is defined by the FLSA, and are represented by the undersigned. During their employment with the Defendant, the Plaintiffs were, individually, directly engaged in interstate commerce.

2. Defendant Julio Cesar Castillo ("Castillo") is an individual who is doing business under the name "Astros Insurance", and is an "employer" as that term is defined by the FLSA. With respect to plaintiffs and Members of the Class, Castillo is subject to the provisions of the FLSA. Castillo was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s). Castillo may be served with process at 6060 Bellaire Blvd., Suite D, Houston, Texas 77081, or wherever he may be found.

3. During each of the three years preceding the filing of this lawsuit, Astros Insurance generated gross revenues of at least $500,000.00.

4  During each of the three years preceding the filing of this lawsuit at least two

employees of Defendant handled, produced, sold, worked on or used items or goods manufactured outside the state of Texas in the furtherance of their duties for Defendant.

## Jurisdiction and Venue

5. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Factual Allegations

6. Plaintiffs worked for Defendant performing clerical and secretarial duties on an hourly basis. During their tenures with the Defendant, the Plaintiffs consistently worked in excess of 40 hours per week. Plaintiffs were paid on a weekly basis but were not paid time and a half for those hours worked over 40 hours per workweek; instead, Plaintiffs were paid "straight time" for all hours worked over 40 in a workweek. The Plaintiffs' duties regularly and customarily included involvement in interstate commerce by among other things, communicating by telephone, email and facsimile with insurance companies located outside of the State of Texas.

7. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiffs' regular and overtime work.

8. Plaintiffs were not paid on a salary or fee basis, and did not ever serve in the capacity of an executive, administrator, professional or outside sales representative, as those terms are understood pursuant to 29 C.F.R. §541. Plaintiffs were not exempt from the protection of the FLSA.

9. The Defendant is the owner and control person of Astros Insurance, and is personally involved in the day-to-day operations of the business enterprise at issue, and in the establishment and enforcement of personnel policies, compensation policies and recordkeeping responsibilities of the business.

10. The Defendant has the authority to hire, discipline and fire employees, and to determine employee compensation.

11. The Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

12. Defendant's actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

### Plaintiffs' Individual Allegations

13. Plaintiffs were paid the same hourly rates for all hours worked including hours over 40 worked in each workweek.  As non-exempt employees, Plaintiffs were entitled to be paid at time-and-one-half their regular hourly rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. §207 (a) (2008). Accordingly, the Defendant's practice of failing to pay time-and-one-half for all overtime hours worked was and is a violation of the FLSA.  In addition, Defendant made unauthorized and illegal deductions from Plaintiffs' pay.

14. No exemption excused the Defendant from paying Plaintiffs overtime rates for all hours worked over forty (40) per workweek.   In addition, the Defendant has not made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out his illegal pattern or practice regarding regular and overtime compensation with respect to Plaintiffs. Such practices were and are clear violations of the FLSA.

### CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime and Illegal Deductions

15. Based on the foregoing, Defendant violated the FLSA by failing to compensate Plaintiffs at a rate of one and a half times their weekly wage for time worked in excess of 40 hours per work week, contrary to the requirements of Section 7 of 29 U.S.C. §207 and by taking unauthorized and illegal deductions from Plaintiffs' pay.

16. Plaintiffs have suffered damages as a direct result of Defendant's illegal actions.

17. Defendant is liable to Plaintiffs for all unpaid wages and overtime compensation,

liquidated damages, attorney's fees and costs of Court under the FLSA for time worked in excess of 40 hours per work week, for the three-year period preceding the filing of this lawsuit.

### Jury Demand

18. Plaintiffs demand a trial by jury on all claims they have asserted herein.

### Prayer for Relief

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rates, and for all illegal and improper deductions;
2. Judgment against Defendant that his violations of the FLSA were willful;
3. An amount equal to the unpaid wages damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs, recoverable expenses and attorney's fees incurred prosecuting these claims;
6. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
7. Leave to amend to add claims under applicable state laws; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
1201 Prince Street
Houston, Texas  77008
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**